949 F.2d 403
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert D. GOODE, Petitioner,
v.
DEPARTMENT OF THE TREASURY, Respondent.
 No. 91-3317.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1991.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (Board), sustaining the removal of the petitioner Goode for illegal drug activity, is affirmed.
 
 OPINION
 
 2
 * The Internal Revenue Service removed Goode, a criminal investigator, for illegal drug activity. The Board sustained three of the four specifications upon which Goode was removed, and held that those specifications justified the penalty of removal.
 
 
 3
 On April 16, 1990, a postal inspector informed an Internal Revenue Service criminal investigator that, according to a rumor in the United States Attorney's Office, Goode had been seen leaving a restroom with white powder under his nose, which was believed to be cocaine. The criminal investigator immediately informed Goode's supervisor, Lubbe, about the conversation. The postal inspector then told Goode that he had informed the Internal Revenue Service of the rumor. (The specification that the Board rejected as not supported by substantial evidence charged use of cocaine based upon this incident.)
 
 
 4
 The next morning Goode met with Lubbe, at the latter's request, and stated that he, Goode, was interested in the agency's "Safe Harbor" program, under which employees who voluntarily disclosed their illegal drug use would not be disciplined in certain circumstances. Goode stated that he began using marijuana in college, and had last used it one month before. Lubbe told Goode it was not clear that Goode would qualify for the Safe Harbor program.
 
 
 5
 Later that day, Goode entered a drug rehabilitation center. When Lubbe and another Internal Revenue Service employee went to the center to request Goode to give a urine sample, a center official told them that Goode had signed a form authorizing disclosure to, among others, Lubbe, and that Goode had admitted prior drug use.
 
 II
 
 6
 A. Goode contends that he qualified under the agency's Safe Harbor program and that disciplinary action against him for illegal drug use therefore was improper. The pertinent provision of that program states that the agency "will not initiate disciplinary action against any employee who ... a. Voluntarily identifies him/herself as a user of illegal drugs prior to being identified through other means." The Board held that because the postal inspector had told the agency about Goode's rumored cocaine use the day before Goode told Lubbe about Goode's use of marijuana, the latter disclosure had not been made "prior to [Goode's] being identified through other means."
 
 
 7
 We agree. Although the Board set aside the specification based upon cocaine use, the report of that use was sufficient to have "identified" Goode as a drug user under the Safe Harbor program. In disclosing his use of marijuana to Lubbe the morning after he was informed that the postal inspector had told the agency about the cocaine rumor and after Lubbe had requested a meeting with him, Goode had not "[v]oluntarily" disclosed his illegal drug use prior to such identification.
 
 
 8
 B. Goode challenges the evidence of his admission of prior drug use made at the drug treatment center on three grounds.
 
 
 9
 First, he contends that Lubbe's name was added to the disclosure form only after the center official had told Lubbe about Goode's admissions. Although Goode submitted an affidavit so stating (he did not testify at the hearing), Lubbe and another witness testified that Lubbe's name was on the form prior to the disclosure. The presiding official credited that testimony, and we have no basis for rejecting that credibility determination. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 10
 Second, Goode argues that the disclosure form did not authorize disclosure of his admission of prior drug use. The form authorized the disclosure of information "regarding my treatment" and the governing regulation defined treatment as "the management and care of a patient suffering from alcohol or drug abuse." 42 C.F.R. § 2.11 (1990). The Board justifiably concluded that "the intake information disclosed to Lubbe comes within the scope of information regarding the appellant's treatment and his current status in the Center's treatment program. The appellant's admission of an abuse problem is inherently a part of management and care of a patient."
 
 
 11
 Finally, Goode contends that use of his disclosure made at the treatment center violated the Confidentiality Act, 42 U.S.C. § 290ee-3(c) (1988), which prohibits the use of drug rehabilitation records, except to the extent authorized by court order, "to initiate or substantiate any criminal charges against a patient or to conduct any investigation of a patient." The statute's implementing regulations prohibit the use of information received through proper consent in order to "criminally investigate or prosecute." 42 C.F.R. § 2.32 (1990). The proceedings that resulted in Goode's removal were administrative, not criminal.
 
 
 12
 C. The Board's conclusions that there was a nexus between Goode's drug use and the efficiency of the service, and that the penalty of removal was permissible, are supported by the evidence, and not otherwise improper.
 
 
 13
 D. Goode makes a number of other contentions, which either were answered by the Board or do not require discussion.